# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GLENN DAMOND (#1200123529)**                                            **CIVIL ACTION**

**VERSUS**

                                              **20-437-BAJ-RLB**

**STATE OF LOUISIANA, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 3, 2020.

                                                                                  **RICHARD L. BOURGEOIS, JR.**
                                                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN DAMOND (#1200123529)**         **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**         **20-437-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights have been violated due to his arrest following his release on parole as well as harm imposed over the past ten years, presumably as a result of his incarceration. The plaintiff requests monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, as amended, the plaintiff alleges that he was released on parole in 2011 and was required to register as a sex offender. In December of 2019, the plaintiff was arrested by the U.S. Marshal pursuant to a warrant issued by parole officer Janice Martin. He was then transported from Texas to the East Baton Rouge Parish Prison. On January 10, 2020, the plaintiff was indicted on a felony charge and remains housed at the East Baton Rouge Parish Prison.

First with regards to any claims the plaintiff may be asserting against the State of Louisiana, the Louisiana State Police Department, the Division of Probation and Parole, and the Department of Probation and Parole, pursuant to 42 U.S.C. § 1983 , only a "person" may be sued for the violation of an inmate's constitutional rights. The aforementioned defendants are not persons within the meaning of this statute. *See, e.g., Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of § 1983).

Next, with regards to the individual defendants, it is unclear whether the plaintiff has named the defendants herein in both their individual and their official capacities. As to any claims the plaintiff may be asserting against the defendants in their official capacities, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages

against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claims for monetary damages and injunctive relief asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

      Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected. Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

      The plaintiff's claim regarding his arrest and criminal charges call into question the validity of his confinement; therefore, this claim is subject to dismissal because it may only be

pursued in a habeas corpus proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*"). Additionally, under the well-established doctrine set out in *Younger v. Harris*, 91 S. Ct. 746, 750-51 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. *See Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018). The plaintiff has not alleged that he lacks an adequate opportunity to raise his constitutional challenges in the state court or that extraordinary circumstances otherwise warrant federal intervention.

Further, the plaintiff's claim for monetary damages associated with his continued confinement is barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus. *Id.* Were this Court to determine that the plaintiff is entitled to monetary damages as a result of the alleged false arrest and confinement, this would necessarily imply that the plaintiff's term of confinement was invalid. Since the plaintiff has failed to allege or show that his term of confinement has been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, the plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed. *See Johnson v. Murray,* 420 F. App'x. 327, 328 (5th Cir. 2011) ("The rule set forth in Heck applies to a challenge to the validity of confinement resulting from a parole-revocation hearing.")

Accordingly, the plaintiff's claim for monetary damages arising out of the alleged unconstitutional term of confinement resulting from his arrest and pending charges must be dismissed as it has not yet accrued.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on September 3, 2020.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."